# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIA R. STERNS,<br><br>                                               Plaintiff,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                                              Defendant. | CASE NO. 12-cv-1077-MMA (MDD)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 7] |

On May 1, 2012, Plaintiff Marcia R. Sterns, proceeding *pro se*, brought this civil rights action against Defendant United States of America. [*Compl.*, Doc. No. 1.] In her complaint, Plaintiff requests the return of a computer and other unidentified property which were seized from her residence by government agents on January 12, 2011. [*Id.*] Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and other grounds. [Doc. No. 7.] Plaintiff did not file an opposition. For the following reasons, the Court **GRANTS** Defendant's unopposed motion, and **DISMISSES** Plaintiff's complaint without prejudice.

### DISCUSSION

This action arises out of the seizure of a computer and other property from Plaintiff's residence. The property in question was forfeited in connection with a criminal case involving Plaintiff's son, Jordan Ben Sterns. [*See* Case No. 11-cr-4789-BTM.] Mr. Sterns admitted to being the "sole owner" of the computer seized from Plaintiff's home, and that "no other person or entity

has any right or claim" to it.  [*Id., Plea Agreement*, Doc. No. 21.]  In the present action, however, Plaintiff claims ownership of the computer.

On July 12, 2012, Defendant United States moved to dismiss Plaintiff's complaint on the grounds that, (1) the Court lacks jurisdiction because the United States is immune from suit, and (2) Plaintiff's recourse is to assert an ancillary claim in Mr. Sterns' pending criminal action, not raise an independent civil action.  [Doc. No. 7.]  The motion hearing was set for September 17, 2012.  Under Civil Local Rule 7.1.e.2, Plaintiff's opposition to the motion was due on or before August 31, 2012.  None was filed.  On September 11, 2012, the Court took the matter under submission pursuant to Civil Local Rule 7.1.d.1.  Subsequently, Plaintiff filed a "Motion to Set Hearing Date for Amended Complaint," stating she could respond to the "contentions of the United States."  [Doc. No. 10.]  The Court construed Plaintiff's "Motion" as an *ex parte* request for an extension of time to file an opposition to Defendant's motion to dismiss, and granted Plaintiff until October 12, 2012 to file an opposition.  [Doc. No. 11.]  To date, Plaintiff has not filed an opposition.

A district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Civil Local Rule 7.1 provides:  "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  S.D. Cal. Civ. L. R. 7.1(f)(3)(a).  "Although there is . . . a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Dipp v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 75696 (S.D. Cal. May 31, 2012) (Battaglia, J.) (dismissing action pursuant to local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss); *Yueh Chen v. PMC Bancorp*, No. 09-CV-2405-WQH-BLM, 2010 U.S. Dist. LEXIS 75468 (S.D. Cal. July 23, 2010) (Hayes, J.) (same); *Steel v. City of San Diego*, No. 09-CV-1743-MMA-WVG, 2009 U.S. Dist. LEXIS 103042 (S.D. Cal. Nov. 5, 2009) (Anello, J.)

(same). As such, the Court has the option of granting Defendant's motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

As of the date of this Order, Plaintiff has not opposed the motion, even after requesting and being granted additional time to file an opposition. All told, Plaintiff has had approximately 15 weeks to prepare and file a response to Defendant's motion, and has failed to do so. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" weigh in favor of granting Defendant's motion to dismiss, for failure to file an opposition. *Ghazali*, 46 F.3d at 53; *see also Dipp*, 2012 U.S. Dist. LEXIS 756696, *3-5.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's complaint without prejudice. The Clerk of Court is instructed to terminate the case.

**IT IS SO ORDERED.**

Dated: October 24, 2012

Hon. Michael M. Anello
United States District Judge